IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA , ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | NO. 09-CR-30084-WDS |
| ) | |
| MONTE BOATMAN, ) | |
| ) | |
| Defendant. ) | |

**O R D E R**

**STIEHL, District Judge:**

Before the Court is defendant's pro se "Motion for Reconsideration, Negate and Reduction Adjustment" (Doc. 282). The Court previously denied his motion for retroactive application of the sentencing guidelines to crack cocaine offenses (See Order at Doc. 277 denying motion at Doc. 251) finding that the crimes of conviction, Conspiracy to Interfere with Commerce by Threats or Violence and Interference with Commerce by Threats or Violence, and Possession of a Firearm in Furtherance of a Crime of Violence were not eligible offenses for reduction because they were not crack cocaine related offenses. The Court's prior ruling based on the relief available under §3582 does not warrant reconsideration, and the motion is **DENIED** on that basis.

To the extent that the defendant seeks a reduction in his sentence on grounds other than § 3582, that relief is also unavailable to him. He has previously filed a motion for relief under 28 U.S.C. § 2255 (*Boatman v. United States*, 12-1095) which the Court denied in November of 2012 (See Order at Doc. 2). Because he has previously filed a habeas action in this matter, and has not received leave from the Court of Appeals to file a second or successive petition on any

matters previously raised, this Court is without jurisdiction to consider this action. Under § 2255, "a second or successive motion must be certified as provided in section 2244 by a panel of the . . . court of appeals. . . ."  Therefore, to the extent that this constitutes a second or successive attempt for habeas review it is **DENIED.**

Accordingly, the Court **DENIES** the motion for reconsideration on all grounds raised.

**IT IS SO ORDERED.**

**DATE:   13 May, 2013**

/s/   WILLIAM D. STIEHL
DISTRICT JUDGE