IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 09-CR-30084-SMY |
| | ) |
| MONTE BOATMAN, | ) |
| | ) |
| Defendant. | ) |

# ORDER

Pending before the Court is the *pro se Nunc Pro Tunc* Motion to Withdraw Guilty Plea filed by Defendant Monte Boatman (Doc. 310). On November 22, 2010, Defendant Monte Boatman was sentenced to 171 months imprisonment consisting of 51 months on each of Counts 2, Conspiracy to Interfere with Commerce by Threats or Violence, and Count 3, Interference with Commerce by Threats or Violence, to be served concurrently as well as 120 months on Count 4, Possession of a Firearm in Furtherance of a Crime of Violence, to be served consecutively to the term imposed in Counts 2 and 3 (*see* Doc. 193). Defendant now asks this Court to allow him to withdraw his guilty plea *nunc pro tunc*. For the following reasons, the motion is **DENIED**.

The sole function of the *nunc pro tunc* doctrine is to correct clerical errors; the doctrine is not used to alter substantive rights. *King v. Ionization International, Inc.,* 825 F.2d 1180, 1188 (7th Cir. 1987); *see, e.g., Shou Wei Jin v. Holder,* 572 F.3d 392, 397 (7th Cir. 2009); *Mamedov v. Ashcroft,* 387 F.3d 918, 919 (7th Cir. 2004). "A court may issue a *nunc pro tunc* order to correct the record so that it reflects what was actually done but never recorded due to clerical inadvertence." *United States v. Taylor,* 841 F.2d 1300, 1308 (7th Cir. 1988). For example, a

*nunc pro tunc* order would be appropriate where a judge meant to sentence a defendant for 30 months but the defendant was actually sentenced to 300 months. *See id.*

In this case, Defendant seeks to have his guilty plea rescinded, asserting that the Government tricked him into pleading guilty to Counts 3, 4 and 5 of the Superseding Indictment. Defendant's arguments do not involve a clerical error. Rather it appears that Defendant is seeking relief from his sentence by challenging its validity. As such, Defendant's *nunc pro tunc* motion is improper.

To the extent that Defendant seeks relief from his sentence by challenging its validity, that relief is also unavailable to him. A petition under 28 U.S.C. § 2255 is "the exclusive remedy" for a federal prisoner raising a direct challenge to the validity of his sentence. *Atehortua v. Kindt,* 951 F.2d 126, 129 (7th Cir.1991); *see also Collins v. Holinka,* 510 F.3d 666, 667 (7th Cir.2007). The Seventh Circuit has repeatedly held that a post-conviction motion that is functionally a § 2255 motion should be treated as such, regardless of how it is labeled. *See, e.g., Carter v. United States,* 312 F.3d 832, 833 (7th Cir.2002).

Here, Defendant previously filed a § 2255 petition and received a full round of collateral review (*see Boatman v. United States*, Case No. 12-cv-1095). There is no indication that Defendant has sought permission from the Seventh Circuit to file a second or successive § 2255 petition. As such, even if this Court were to construe Defendant's motion as one brought under § 2255, the motion would be denied as an unauthorized second or successive petition. *See United States v. Suggs,* 705 F.3d 279, 282 (7th Cir. 2013) ("Section 2255 gives a federal prisoner one opportunity to challenge a conviction and sentence following a direct appeal…. If a prisoner seeks to challenge his conviction or sentence a second time, he must persuade a court of appeals to … authorize the district court to hear it."). Accordingly, Defendant's *Nunc Pro Tunc* Motion to Withdraw Guilty Plea is denied.

**IT IS SO ORDERED.**

**DATED: October 12, 2016**

                **s/ Staci M. Yandle**
                **STACI M. YANDLE**
                **United States District Judge**